

**THE LAW OFFICES OF**
**JUDITH VARGAS**

# MEMO ENDORSED

July 17, 2023

**Via ECF**[1]
The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*United States v. Reginald Dewitt*, 17-Cr-633 (SHS)
Request for Modification of Home Confinement/Electronic Monitoring Conditions

Dear Judge Stein:

    We write to request a modification of Mr. DeWitt's current home confinement conditions as described below. Mr. DeWitt was sentenced by Your Honor on June 29, 2023, to time served on all counts with a term of six months of home confinement. ECF Doc. No. 23, Judgment. On July 11, 2023, Mr. DeWitt was fitted with an electronic monitoring bracelet which he must wear for 24 hours per day, seven days per week for the next six months. Mr. DeWitt has been fully compliant with all the conditions of his home confinement.

    As per Mr. DeWitt's newly appointed U.S.P.O., the conditions of his home confinement are that Mr. DeWitt is "confined to the internal walls of his home." Mr. DeWitt lives with his common/law wife Ms. Tina Nichols in their home which sits in the center of two acres of property. The property is surrounded by trees and a large lawn, a garden (where they grow tomatoes, cauliflower, peppers, and broccoli) a small above ground swimming pool, and a chicken coop—this is the outer area of the property. *See* photos attached via separate email. Their mailbox is also in the outer area of the property. *Id.* Prior to commencing his sentence of home confinement, Mr. DeWitt mowed his own lawn,[2] cleaned the chicken coop every night, tended to the garden, (including spraying their garden and their flowers with pepper spray to prevent deer from eating their vegetation and their flowers) and cleaned their pool during warm months. During winter snows, Mr. DeWitt plowed their driveway so that they (and their oil company) could safely enter and exit the property. These have exclusively been Mr. DeWitt's jobs since he and Ms. Nichols bought their home several years ago. However, under the current home confinement conditions Mr. DeWitt is confined *within* his home, and he is not allowed to be on his outer deck nor go onto the outer areas of their home. Thus, due to these conditions Mr.

---

[1]     Except for the referenced photographs which we provide via separate email.
[2]     Mr. DeWitt owns a riding lawn mower which he has always used to cut the lawn, but Ms. Nichols is unable to operate it. Ms. Nichols had a knee replacement which is now deteriorating, and she will soon need additional surgery on the knee.

NEW YORK
20 Vesey Street * Suite 400 * New York, NY 10007
Tel: 212.668-0024 * Fax: 212.668.0060

Judithvargas1@aol.com

PUERTO RICO SATELLITE
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR 00917

Hon. Judge Sidney H. Stein
*United States v. Reginald Dewitt*, 17-Cr-633 (SHS)
Request for Modification of Home Confinement/Electronic Monitoring Conditions

DeWitt is unable to mow his own lawn, tend to his garden, clean his pool, tend to his chicken coop, plow the snow from his driveway, or even go to his mailbox to pick up his mail. The cost of a professional lawn mower is about $120 (not including tip) per lawn mowing job. Mr. DeWitt's lawn must be mowed at least three times per month. Snow plowing a driveway costs an average of about $100 to $150 per visit (or more, depending on size and location, Mr. DeWitt's driveway is long). *See* photos attached via separate email. Pool cleaning services are about $700 per visit. Thus Mr. DeWitt would have to pay approximately $2,160 (excluding tips) to have his lawn mowed, and another $1000-$1,500 to have his pool cleaned and his driveway plowed of snow over the next six months. This does not include the potential costs of hiring someone to care for the garden and the chickens (possibly hundreds of dollars over the next six months). This would cost Mr. DeWitt approximately $4,000 to $5,000 or more over the next six months. With Mr. DeWitt's and Ms. Nichols' total monthly expenses at over $7,637 and assets of -$1,737 (*see* PSR, p.29) Mr. DeWitt and Ms. Nichols are currently in the red and cannot afford the additional thousands of dollars for professionals to do this work—work which Mr. DeWitt has done for the past several years on the property; even hiring one of these professionals would be a tremendous financial burden for Mr. DeWitt.

Accordingly, we are requesting that the Court modify Mr. DeWitt's current home confinement conditions to allow Mr. DeWitt to be on the outer areas of his property daily, including his outer deck, so that he can do all the above-described work on his property. The government has indicated that it takes no position on this request. Probation has indicated that it will defer to the Court.

Respectfully,
s/ Judith Vargas
Judith Vargas, Esq

cc: AUSAs Nicholas J. Folly, Danielle Kudla, Alexandra Rothman, Nicholas Chiuchiolo;
    USPO Florence Duggan

**Defendant's request to be in the outer area of his property daily is denied. Any activity outside of the current special conditions of supervision must be pre-approved by the Probation Officer.**

Dated: New York, New York
       July 20, 2023

SO ORDERED:

Sidney H. Stein, U.S.D.J.







